MYERS *v.* CALLAGHAN and others.

*(Circuit Court, N. D. Illinois.   December 7, 1883.)*

1. COPYRIGHT—INFRINGEMENT—STATE REPORTER—AFFIRMANCE OF DECISION.
   The court affirms its prior decision,—*First,* that, in the absence of express legislation to the contrary, a state reporter is entitled to copyright his volumes of reports to the extent that the same consist of the work of his own mind, notwithstanding he may not have a copyright in the opinions of the court; *second,* the copyright law is to be liberally construed that effect may be given to what is to be considered the inherent right of the author to his own work.

2. SAME—INSTANCE.
   The court finds an infringement on the copyright held by complainant, covering volumes 39 to 46, inclusive, of Illinois reports.

3. SAME—ARRANGEMENT OF LAW CASES AND PAGES.
   In connection with other evidences of infringement, the court will consider the arrangement of the books infringing the original edition, and such evidence will be entitled to weight, in judging of the fact of infringement.

In Equity. Opinion on supplemental bill. For original, see 5 FED. REP. 726.

*John V. Le Moyne,* and *Geo. W. Cothran,* for complainant.

*Jas. L. High,* for defendants.

DRUMMOND, J. The views of the court upon one part of this case are to be found in 10 Biss. 139, 5 FED. REP. 726. The present inquiry is limited to what is alleged to be an infringement by the defendants of volumes 39 to 46, inclusive, of Mr. Freeman's Illinois Reports. Volume 40 seems never to have been regularly published like the other volumes, although the evidence of the infringement of the plaintiff's copyright in that volume is perhaps stronger than that applicable to any other of the volumes named. Upon comparing parts of each of the volumes, those of the complainant and of the defendants one with the other, I think there can be no doubt that in some respects, in each case, the Freeman volume has been used by the defendants in the head-notes, the statement of facts, and the arguments

of counsel. That is, there are certain unmistakable *indicia* that in every volume prepared by the defendants they have not confined themselves solely to the original sources of information, namely, the opinions of the judges, the records, and the arguments of counsel. But while this is technically true, it is only true to a limited extent. The great bulk of what may be termed copyright matter, in each volume of the defendants, seems to be made up independent of the corresponding volume of the plaintiff, and in very many of the instances, where a similarity can clearly be traced, and the use of the materials of the plaintiff's volume distinctly made out, the similarity is trivial and unimportant, and such as I should feel extremely reluctant to hold worked a forfeiture of the whole edition. It would seem to me, while holding there is technically an infringement of the copyright of the plaintiff, the fairest view to take of the whole subject would be to require what might be termed a small royalty, such as the defendants could afford, to be paid to the plaintiff for the sale of the volumes named.

The fact appears to be, and indeed it is not a subject of controversy, that in arranging the order of cases, and in the paging of the different volumes, the Freeman edition has been followed by the defendants; but, while this is so, I should not feel inclined, merely on that account and independent of other matters, to give a decree to the plaintiff, although it is claimed that the arrangement of the cases and the paging of the volumes are protected by a copyright. Undoubtedly in some cases, where are involved labor, talent, judgment, the classification and disposition of subjects in a book entitle it to a copyright. But the arrangement of law cases and the paging of the book may depend simply on the will of the printer, of the reporter, or publisher, or the order in which the cases have been decided, or upon other accidental circumstances. Here the object on the part of the defendants seems to have been that there should not be confusion in the references and examination of cases; but the arrangement of cases and the paging of the volumes is a labor inconsiderable in itself, and I regard it, not as an independent matter, but in connection with other similarities existing between the two editions, when I say, taking the whole together, the Freeman volumes have been used in editing and publishing the defendants' volumes. It should be borne in mind that, as a general thing, there is but a small part of the report of a case which is the subject of copyright. Many of the cases contain nothing but the opinions of the court, with the simple remark that the facts are stated in the opinion; and the head-notes are nothing more than a repetition, in a condensed form, of what is in the opinion, and therefore it is often very difficult to select distinct points of comparison between the same case in the corresponding volumes of the parties, because there is so little which can be called the work of the reporter.